IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-21-BO

| | |
|---|---|
| INSITE TOWERS DEVELOPMENT, LLC, a Delaware limited liability company, and INSITE WIRELESS GROUP, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM S. TERRELL, an individual, and SUSAN B. TERRELL, an individual,<br><br>Defendants. | O R D E R |

This cause comes before the Court on defendants' partial motion to dismiss. Plaintiffs have responded, the time for filing a reply has expired, and the motion is ripe for ruling. For the reasons that follow, the partial motion to dismiss is denied.

BACKGROUND

The case arises from plaintiff Insite Tower's agreement to purchase a telecommunications tower owned by defendants as well as an existing lease agreement between defendants and Alltel Communications d/b/a Verizon Wireless (Verizon), which is not a party to this suit, and other assets and easements. When executing the purchase agreement in December 2018, defendants represented that, to the best of their knowledge after due inquiry, the lease with Verizon was in full force and effect and no action to revoke or cancel the lease had been taken or threatened. This was reaffirmed at the closing on May 3, 2019, in a certificate of seller.

After the closing, plaintiffs received notice from Verizon that it was terminating the lease effective January 16, 2020. Plaintiffs allege that defendants were aware of Verizon's plan and

failed to disclose this to plaintiffs prior to completion of the sale. Plaintiffs allege that defendants made affirmative, false representations regarding the Verizon lease and that they prevented plaintiffs from learning the true nature of the Verizon lease during the due diligence process.

Insite Tower filed this suit on January 31, 2020, seeking damages or alternatively a rescission of the purchase agreement. Plaintiffs' amended complaint includes a breach of contract claim as well as claims for fraud, unfair and deceptive trade practices, and negligent misrepresentation. Defendants' motion to dismiss seeks dismissal of the fraud, unfair and deceptive trade practices, and negligent misrepresentation claims as being barred by the economic loss rule and otherwise not pled with the requisite specificity.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

The parties agree that North Carolina substantive law governs plaintiffs' claims as this case was removed to this Court pursuant to its diversity jurisdiction. 28 U.S.C. § 1332.

North Carolina's economic loss rule bars tort claims arising out of what is nothing more than a breach of contract. *Legacy Data Access, Inc. v. Cadrillion, LLC*, 889 F.3d 158, 164 (4th

Cir. 2018). Thus, where there has been an alleged breach of contract, a plaintiff may only proceed with tort claims that are "identifiable and distinct from the primary breach of contract claim." *Id.* (internal quotation and citation omitted). "[W]hile claims for negligence are barred by the economic loss rule where a valid contract exists between the litigants, claims for fraud are not so barred . . . ." *Bradley Woodcraft, Inc. v. Bodden*, 251 N.C. App. 27, 34 (2016).

Plaintiffs have alleged tort claims that are identifiable and distinct from the breach of contract claim. Plaintiffs allegations include that defendants learned in 2015 that the tower they would later sell to plaintiffs could not structurally support Verizon's planned equipment upgrades. Defendants offered Verizon a 'drop and swap,' where defendants would provide Verizon with use of a new tower which could support Verizon's upgrades in place of the tower later sold to plaintiffs. Verizon rejected defendants' 'drop and swap' offer and elected to relocate its equipment to a different tower owned by a third party. Additionally, plaintiffs allege that, well before entering into the purchase agreement, defendant William Terrell was verbally informed by a Verizon representative that Verizon intended to terminate the Verizon lease on the subject tower.

Plaintiffs allege that defendants failed to disclose any of the above prior to entering into the purchase agreement or the certificate of seller. The allegations surrounding defendants' failure to disclose knowledge that the Verizon lease would be terminated, as well as their certification to the contrary, are sufficiently distinct from the primary breach of contract claim, and the tort claims arising therefrom are thus not barred by the economic loss rule. Put another way, if true, defendants' conduct amounts to more than mere unfulfilled promises under the contract. *Legacy Data Access*, 889 F.3d at 166.

Plaintiffs allegations are also otherwise sufficient to state their claims for fraud, negligent misrepresentation, and unfair and deceptive trade practices.

In order to state a claim for fraud under North Carolina law, a plaintiff must allege that defendant made "(1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage." *Breeden v. Richmond Cmty. Coll.*, 171 F.R.D. 189, 194 (M.D.N.C. 1997). A claim for fraud requires satisfaction of a heightened pleading standard. Rule 9(b) of the Federal Rules of Civil Procedure requires a party to plead a claim for fraud with particularity. "To meet this standard, [a plaintiff] must, at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

To state a claim for negligent misrepresentation, plaintiffs must allege facts demonstrating, with particularity, that they (1) justifiably relied (2) to their detriment (3) on information prepared without reasonable care (4) by someone who owed them a duty of care. *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 612 (N.C. 1988); *see also Breeden*, 171 F.R.D. at 202 ("a claim for negligent misrepresentation falls within Rule 9(b)['s] requirement for pleading with particularity"). "Justifiable reliance is an essential element of both fraud and negligent misrepresentation." *Helms v. Holland*, 478 S.E.2d 513, 517 (N.C. 1996).

To state a claim for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, a plaintiff must allege that the defendant (1) committed an unfair or deceptive trade act or practice, (2) the act in question was in or affecting commerce, and (3) the act proximately caused plaintiff

4

harm. *Sessler v. Marsh*, 144 N.C. App. 623, 551 S.E.2d 160 (N.C. Ct. App. 2001). Mere breach of contract, even if intentional, "is not sufficiently unfair or deceptive to sustain an action under the UTPA . . .." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 347 (4th Cir. 1998) (quoting *Branch Banking & Trust Co. v. Thompson*, 107 N.C. App. 53, 418 S.E.2d 694, 700 (1992)). Only where a breach of contract claim is "surrounded by substantial aggravating circumstances" will it support an unfair and deceptive trade practice claim. *Griffith v. Glen Wood Co., Inc.*, 184 N.C. App. 206, 217 (2007).

Defendants argue that plaintiffs have failed to allege reasonable reliance and that the circumstances are not sufficiently aggravating to support their unfair and deceptive trade practice claim. The Court disagrees. First, plaintiffs have plausibly alleged reasonable reliance on defendants' misrepresentations regarding the Verizon contract. Plaintiffs allege that they reasonably relied on the purchase agreement and the certificate of seller in purchasing the subject tower, and further that they could not have discovered Verizon's intent to terminate the lease through their own due diligence because defendants would not permit them to contact Verizon directly to make inquiries about the lease. This is sufficient at this stage to state a claim for negligence misrepresentation.

Second, under North Carolina law, "a plaintiff who proves fraud thereby establishes that unfair or deceptive acts have occurred," *Bhatti v. Buckland*, 328 N.C. 240, 243 (1991), though that plaintiff may be required to elect between those remedies prior to obtaining a verdict. *Jones v. Harrelson & Smith Contractors, LLC*, 194 N.C. App. 203, 215 (2008), *aff'd*, 363 N.C. 371 (2009). Plaintiffs have alleged their fraud claim with sufficient particularity, including the who, what, when, and where of the fraud. Accordingly, the Court declines to dismiss their unfair and deceptive trade practice claim at this stage of the proceeding.

## CONCLUSION

For the foregoing reasons, defendants' partial motion to dismiss [DE 20] is DENIED.

SO ORDERED, this 21 day of July, 2020.

_____
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE